IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZONNIE SIMMONS,

    Petitioner,

v.                                           Civil Action No. 3:18CV879

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Zonnie Simmons, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court"). In his § 2254 Petition, Simmons contends that he is entitled to relief upon the following grounds:

Claim One     Insufficient evidence supported Simmons's conviction. (§ 2254 Pet. 5.)[1]

Claim Two     Defense counsel performed deficiently by failing to challenge on direct appeal the Circuit Court's decision to refuse to allow Simmons to call two witnesses for his defense. (*Id.* at 6.)

Respondent has moved to dismiss. For the reasons set forth below, the Motion to Dismiss will be GRANTED.[2]

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to documents filed by the parties.

[2] Although Respondent argues that Claim Two is defaulted, the Court proceeds to the merits because this claim is readily dismissed as lacking in merit. *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

## I. Pertinent Procedural History

Following a bench trial in the Circuit Court, Simmons was convicted of assault and battery upon a household or family member, third offense. (*See* ECF No. 18–3, at 1.) On appeal, Simmons challenged, *inter alia*, the sufficiency of the evidence to support his conviction. (*Id.* at 6–7.) The Court of Appeals of Virginia rejected that challenge. (*Id.* at 7.) Simmons pursued a further appeal to the Supreme Court of Virginia. (*See* ECF No. 18–4, at 2.) The Supreme Court of Virginia refused Simmons's petition for appeal. (*See id.*)

Thereafter, Simmons filed a state habeas petition wherein he claimed, *inter alia*, that trial counsel performed deficiently by failing to introduce the testimony of two witnesses that would have been favorable to the defense. (*See id.* at 2–3.) The Circuit Court found that Simmons failed to demonstrate deficiency or prejudice. (*Id.* at 9.) Simmons unsuccessfully sought to appeal to the Supreme Court of Virginia. (ECF No. 18–5, at 1.)

## II. Applicable Constraints Upon Federal Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III. Sufficiency of the Evidence

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

In rejecting Simmons's challenge to the sufficiency of the evidence, the Court of Appeals of Virginia aptly summarized the evidence of Simmons's guilt as follows:

> On September 19, 2012, appellant and Newton shared an apartment as boyfriend and girlfriend. While Newton was cooking the evening meal, appellant went out to get Newton some cigarettes. Newton called appellant when he had not returned for more than thirty minutes. After appellant returned, Newton and appellant argued regarding the length of time he was gone from the apartment. During the argument, Newton refused to listen to appellant anymore. Appellant forced Newton backward, causing her to fall to the floor. Newton testified that appellant dragged her across the floor, then slammed her into a wall. He pulled her to the bedroom and held her down on the bed. Seeing that Newton's pants were wet, appellant pulled her shorts and underwear aside, rubbed his hand on Newton's vagina, and commented about the smell. While appellant answered a call on his telephone, Newton grabbed some pants and her pocketbook and fled from the apartment. When he responded to the scene[,] [Officer] Nicholson found Newton distraught and crying.

> Testifying in his own behalf, appellant stated that when he returned to the apartment on the evening of September 19, 2012, Newton became angry and accused him of cheating on her. Appellant and Newton argued. Appellant wanted to leave the apartment, so he took her by the arms and moved her aside so he could get to the door. Appellant denied forcing Newton to the bedroom, holding her down, and touching her inappropriately. Appellant admitted having prior felony convictions.
>
> As it pertained to the charge of assault and battery, the trial court credited Newton's testimony. . . .
>
> . . . .
>
> Newton testified that she and appellant became involved in a heated argument. During that argument, appellant used force to push Newton to the ground and make her strike the wall. Newton fled the apartment after the incident and contacted the police. [Officer] Nicholson found Newton in an upset and agitated state. Considering all the facts and circumstances, the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of third offense against a member of his household or family.

(ECF No. 18–3, at 6–7.)[3] The foregoing evidence amply supports Simmons's guilt of the charged offense. Accordingly, Claim One will be DISMISSED.

## IV. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

---

[3] The Circuit Court "acquitted [Simmons] upon charges of strangulation and abduction with intent to defile . . . ." (ECF No. 18–3, at 1 n.1.)

4

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Two, Simmons faults appellate counsel for failing to successfully challenge the Circuit Court's refusal to allow him to call two witnesses for the defense.[4] In his Reply to the Motion to Dismiss in the state habeas proceedings, Simmons identifies the witnesses as Sandre Jones and Mary Johnson. Petitioner's Reply at 6, *Simmons v. Clarke*, No. CL 16–1997 (Va. Cir. Ct. filed Jan. 25, 2018); (*see* ECF No. 1, at 26). The defense wished to present testimony from these witnesses "to testify to statements the victim made prior to trial that were inconsistent with her trial testimony." (ECF No. 1, at 26.) Relying on his attorney's notes, Simmons proffers that Johnson would have testified that:

> Saw Zonnie after he got out of jail, Zonnie had no marks.
> Saw Ms. Newton day after – no marks stated she wanted Zonnie under the jail protective order hearing. When she applied for order to keep him away from her adult family.
> Before incident she came to Ms. Johnson's house – said she thought Zonnie was cheating–said she couldn't take it anymore – wanted to leave but no where to go. Mary said – what about your mom or daughter, she said didn't get along.

Petitioner's Reply Ex. A, at 2, *Simmons v. Clarke*, No. CL 16–1997 (Va. Cir. Ct. filed Jan. 25, 2018). The notes with respect to Jones stated:

> 1st story beat her real bad – never elaborated, admitted never hit her
> Sister told her Zonnie didn't beat women
> Got into an argument [because] he was gone too long, she thought he was with another woman
> 2nd story dragging her through house by her arms bumping into couches and tables
>    Complained about him being with another woman not into being with family – just wanted to be with his friends. He knows a lot of people. Started to go to the hospital because she [had a] sore wrist Sandre told her. She just needed a beer and Newton said beer and another joint – that she just finished one joint.

---

[4] The Circuit Court reopened the record to permit Simmons to present testimony from these witnesses at a hearing on December 16, 2013. (ECF No. 1, at 26.)

5

>     Never said anything about choking, hands inside her pants.
>
>     Ms. Newton admitted she wanted to leave him because of his cheating, but had not where to go.
>
>     Before this incident, she would brag about having put past boyfriends in jail by alleging assault.

*Id.* at 4.

In rejecting the version of this claim that Simmons raised on state habeas, the Circuit Court concluded:

> [P]etitioner's claims are belied by the record and are unsupported by any evidence, and should be dismissed. First, the Court did not express doubts regarding the credibility of the witness at the motion to strike during the April 2013 trial, nor was there any debate concerning whether the Commonwealth had proved the assault and battery charge. (Respondent's Exhibit E at 122–23). Although trial counsel argued the victim's testimony was incredible during the initial motion to strike, the Court concluded that her testimony was neither incredulous nor unworthy of belief, and the Court ultimately concluded the victim's testimony regarding the assault and battery was credible. (*Id.* at 123, 160).
>
> Finally, the petitioner has failed to proffer, by way of affidavit, the expected favorable testimony from the witnesses. This failure is fatal to claims 1–3. *See Muhammad v. Warden*, 274 Va. 3, 18, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims). *Cf Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced").
>
> In these circumstances, the Court finds the petitioner has failed to establish either prong of the *Strickland* test . . . .

(ECF No. 18–4, at 9.)

In these federal habeas proceedings, Simmons has yet to obtain affidavits from Johnson and Jones. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (observing that where a petitioner faults counsel for not calling a witness, the petitioner should provide "concrete evidence of what [the witness] would have testified to in exculpation"); *Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990) (dismissing claims where petitioner failed to make an adequate proffer of testimony of witness). Moreover, even if Johnson and Jones testified consistent with their statements to trial counsel, Simmons fails to demonstrate a reasonable probability of a different

result. First, counsel's notes pertaining to Johnson offer little to no information to impeach the victim's testimony with respect to the assault charge. Second, although the notes pertaining to Jones suggest the victim gave Jones different versions of the events, those notes are largely consistent as to the fact that Simmons assaulted the victim. *See Huffington v. Nuth*, 140 F.3d 572, 578 (4th Cir.1998) (observing that "when evaluating prejudice a court may consider all aspects of the evidence proffered by the petitioner, including aspects both beneficial and detrimental to petitioner's case" (citing *Whitley v. Bair*, 802 F.2d 1487, 1493–96 (4th Cir. 1986))). Given these circumstances, Simmons fails to demonstrate there was a reasonable probability of a different result had Simmons been able to introduce testimony from Jones and Johnson. Claim Two will be DISMISSED.

## V. Conclusion

The Motion to Dismiss (ECF No. 16) will be GRANTED and Simmons's claims will be DISMISSED. The § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 27 February 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

7